CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUN 0 7 2005
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| RICKY PANNELL, | ) | CASE NO. 4:04CV00050 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, | ) | By: B. Waugh Crigler |
| Commissioner of Social Security, | ) | U. S. Magistrate Judge |
| Defendant, | ) | |

This challenge to a final decision of the Commissioner which granted plaintiff a closed period of disability but denied the balance of plaintiff's August 28, 2002 application for a period of disability, disability insurance benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C.§§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render a report to the presiding District Judge setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an Order enter REVERSING the Commissioner's final decision, GRANTING judgment to the plaintiff and RECOMMITTING the case to the Commissioner for the sole purpose of calculating and paying proper benefits.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was forty-one years of age with

an 8th grade education at the time of the hearing, was insured for disability benefits through the date of his decision and had worked as a furniture assembler. (R. 13.) The Law Judge concluded that plaintiff had a history of a left knee injury with septic arthritis of the knee, was alcohol dependent, and that he suffered what the Law Judge characterized as "mild mental retardation." (R. 19.) He also found plaintiff's impairments to be severe, though not severe enough to meet or equal any listed impairment. (*Id.*) The Law Judge was of the view that plaintiff's allegations concerning his limitations were not totally credible and lacked support in the medical record, though he was disabled from his past relevant work. (R. 20.) The Law Judge further found that, when plaintiff abstained from alcohol, he had the residual functional capacity to perform less than a full range of medium work, and by application of the Medical-Vocational Guidelines and by reference to the evidence adduced from a vocational expert (VE) at the hearing, the Law Judge concluded jobs were available to the plaintiff. (*Id.*) Moreover, the Law Judge concluded that plaintiff would not be disabled if he completely abstained from alcohol, thus finding that alcohol addiction was a factor and that plaintiff was not eligible for benefits under the Act. The claim, therefore was denied.

Plaintiff appealed the Law Judge's decision to the Appeals Council. The Appeals Council determined there was no basis in the record or in the evidence submitted to it on administrative appeal to review the Law Judge's decision and denied review. (R. 4-6.) Thus, it adopted the Law Judge's decision as a final decision of the Commissioner, and this action ensued.

The Commissioner regulatorily is granted some latitude in resolving inconsistencies in evidence. 20 C.F.R. §§ 404.1527 and 416.927; *See also, Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972). If the Law Judge's resolution of the conflicts in the evidence is supported by substantial evidence then the Commissioner's final decision must be affirmed.

an 8th grade education at the time of the hearing, was insured for disability benefits through the date of his decision and had worked as a furniture assembler. (R. 13.) The Law Judge concluded that plaintiff had a history of a left knee injury with septic arthritis of the knee, was alcohol dependent, and that he suffered what the Law Judge characterized as "mild mental retardation." (R. 19.) He also found plaintiff's impairments to be severe, though not severe enough to meet or equal any listed impairment. (*Id.*) The Law Judge was of the view that plaintiff's allegations concerning his limitations were not totally credible and lacked support in the medical record, though he was disabled from his past relevant work. (R. 20.) The Law Judge further found that, when plaintiff abstained from alcohol, he had the residual functional capacity to perform less than a full range of medium work, and by application of the Medical-Vocational Guidelines and by reference to the evidence adduced from a vocational expert (VE) at the hearing, the Law Judge concluded jobs were available to the plaintiff. (*Id.*) Moreover, the Law Judge concluded that plaintiff would not be disabled if he completely abstained from alcohol, thus finding that alcohol addiction was a factor and that plaintiff was not eligible for benefits under the Act. The claim, therefore was denied.

Plaintiff appealed the Law Judge's decision to the Appeals Council. The Appeals Council determined there was no basis in the record or in the evidence submitted to it on administrative appeal to review the Law Judge's decision and denied review. (R. 4-6.) Thus, it adopted the Law Judge's decision as a final decision of the Commissioner, and this action ensued.

The Commissioner regulatorily is granted some latitude in resolving inconsistencies in evidence. 20 C.F.R. §§ 404.1527 and 416.927; *See also, Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972). If the Law Judge's resolution of the conflicts in the evidence is supported by substantial evidence then the Commissioner's final decision must be affirmed.

*Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). However, whether substantial evidence supports the Commissioner's decision and whether the correct legal standards were applied are questions of law. *See*, 42 U.S.C.A. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390; *Hancock v. Barnhart, supra.*; *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where nonexertional limitations exist, then the Commissioner cannot discharge that burden simply by reference to the grids; vocational evidence is necessary. 20 C.F.R. §§ 404.1569 and 416.969, Appendix 2, § 200.00(e); *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen,* 829 F.2d 514 (4th Cir. 1987). Moreover, the VE must be given an opportunity to consider and be informed of all the claimant's impairments and their effects in order for the vocational testimony to be relevant. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989).

This is a very interesting case to the undersigned because its resolution involves determining whether the Commissioner properly adjudicated a claim that lies at the juncture between regulatory entitlement to benefits under the Commissioner's Listings, on the one hand, and statutory and regulatory exclusion from benefits as the result of alcohol addiction on the other. Simply put, the uncontroverted evidence in the case demonstrates, and the Law Judge found, that plaintiff 's IQ scores range in the 60's. (R. 17, 194-195.) Accordingly, the first half of the two-part test under §12.05C of the Listings, 20 C.F.R. §§ 404.1525 and 416.925, Appendix 1, 12.05C, has been met. Again, the Law Judge found that plaintiff has had a long history of problems in his left knee with septic arthritis which the state agency evidence demonstrated produced limitations on his ability to work. ( R. 19, 173-175, 186-193.)[1] Moreover, the Law Judge concluded that plaintiff was disabled from his past relevant work and lacked the residual capacity to perform a full range

---

[1]The DDS record consultant determined that plaintiff had undergone three surgeries on his left knee, and that his allegations about the effects thereof were "credible." (R. 187.)

either of medium or light work. (R. 20.) It would take a rather tortured view of the Commissioner's own regulations to suggest they permit a finding that a claimant was able to do less than a full range of light work and perform any medium work. 20 C.F.R. §§ 404.1567 and 416.967.

Nevertheless, the Law Judge relied on his findings related to plaintiff's residual functional capacity to conclude that plaintiff's impairments did not meet or equal the requirements of § 12.05C or of §§1.02 and 1.06 of the Listings. He then proceeded to determine the case at the final level of the sequential evaluation based upon the VE's testimony which, itself, was premised on an exceptionally narrow assumption presented to the VE, namely that plaintiff could perform greater than light and almost a full range of medium work. (R. 215.) The VE found jobs to existed based on this set of assumptions, which the Law Judge eventually accepted as the substantial evidence in the case, though the VE also determined that no jobs existed if plaintiff were limited to activities between medium and light work, as eventually found by the Law Judge. (R. 214-215.) The Law Judge then set the capstone his decision adverse to the plaintiff by finding that, because plaintiff drank about a pint of alcohol per week, alcohol addiction was a "contributing factor," notwithstanding the absence of any record evidence which would demonstrate to a reveiwing court that the Law Judge evaluated which of plaintiff's limitations would not be disabling if plaintiff stopped using alcohol, as required by 20 C.F.R. §§ 404.1535(b) and 416.935(b). (R. 14, 19.)

In the undersigned's judgment, the Law Judge's decision falls short of reflecting the substantial evidence in the case and, instead, represents what appears to be an effort to avoid the effects of the facts, particularly those which compel a conclusion that plaintiff is disabled under §12.05C of the Listings, or is disabled because his residual functional capacity precludes him from substantial gainful activity. In other words, there is no question in the undersigned's mind that

4

plaintiff possesses an IQ of 69 or less and he suffers other impairments which impose significant limitsations on his ability to work. Moreover, plaintiff's residual functional capacity renders unavailable any alternate gainful activity according to the VE's testimony.

Either way, plaintiff should prevail on this record, and it is accordingly RECOMMENDED that an order enter REVERSING the Commissioner's final decision, GRANTING judgment to the plaintiff and RECOMMITTING the case to the Commissioner for the sole purpose of calculating and paying proper benefits.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C.A. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

June 7, 2005
Date

5